

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KEYVAN ASARI,<br><br>Defendant. | Case No. 2:19-MJ-00028<br><br>ORDER OF DETENTION |

## I.

On January 4, 2019, Defendant Keyvan Asari ("Defendant") made his initial appearance in this district on the Affidavit filed in the United States District Court for the Eastern District of California, Case No. 2:19-MJ-00028. The Court appointed Deputy Federal Public Defender ("DFPD") Richard Goldman to represent Defendant.

The parties advise the Court that they concur that the matter should proceed as a charge pursuant to 18 U.S.C. § 3143 as stated in the Arrest Warrant rather than pursuant to 18 U.S.C. § 3148, as erroneously stated in the Affidavit re Out-Of-District Warrant.

The Court conducted a detention hearing based on a motion by the Government pursuant to 18 U.S.C. § 3142(f) in a case involving a serious risk that the Defendant will flee.

The Court concludes that the Government is not entitled to a rebuttable presumption that no condition or combination of conditions reasonably will assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)].

The Defendant does not oppose the detention request.

## II.

The Court finds that that no condition or combination of conditions will reasonably assure:

- ☒ the appearance of the defendant as required.
- ☒ the safety of any person or the community.

The Court bases its conclusions on the following:

As to risk of non-appearance:
- Conflicting information regarding Defendant's residence and familial contacts;
- Prior probation violations;
- Prior failure to appear to Department of Motor Vehicles;
- Nature of charged offense.

As to danger to the community:
- Admitted substance abuse history;
- Current substance abuse;
- Extensive criminal history.

///
///

### III.

In reaching this decision, the Court considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g).] The Court also considered the report and recommendation of the U.S. Pretrial Services Agency.

### V.

IT IS THEREFORE ORDERED that Defendant be detained until trial. The defendant is remanded to the custody of the U.S. Marshal for forthwith removal to the Eastern District of California. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i).]

Dated: January 4, 2019

_____/s/_____
HON. MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE